IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| CAROLE LITMAN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. |
| STATE AUTO PROPERTY AND CASUALTY INSURANCE COMPANY, | ) ) ) ) |
| Defendant. | ) ) |

## NOTICE OF REMOVAL

Defendant State Auto Property and Casualty Insurance Company ("State Auto") hereby removes to this Court the Missouri state court action described below pursuant to the Class Action Fairness Act of 2005 ("CAFA").

**I.     BACKGROUND**

1. On June 15, 2022, Carole Litman ("Plaintiff") filed this putative class action against State Auto in the Associate Circuit Court for Cole County, Missouri, captioned *Carole Litman v. State Auto Property and Casualty Insurance Company*, Case No. 22AC-AC00642. On July 1, 2022, Plaintiff filed an amended petition (the "Amended Petition") and filed a motion to certify the case to the Circuit Court for Cole County, Missouri, and the case was certified on July 15, 2022. The case was transferred and assigned case number 22AC-AC00642-01.

2. The suit alleges individual and putative class counts for breach of contract and declaratory judgment. Am. Pet. ¶¶ 45-68. Plaintiff contends that State Auto allegedly violates the terms its property insurance policies by allegedly depreciating labor costs when adjusting property damage claims. *Id.* ¶¶ 50-51. Plaintiff seeks alleged compensatory damages and declaratory and equitable relief. *Id.* at pp. 13-14.

1

US_ACTIVE\122763737\V-3

Case 2:22-cv-04178-BCW     Document 1     Filed 12/01/22     Page 1 of 8

3. The Amended Petition names State Auto as the sole defendant. State Auto has not yet responded to the Amended Petition.

4. Under 28 U.S.C. §§ 1441(a), 1446, and 1453, the Amended Petition is removable to this Court because State Auto has satisfied the procedural requirements for removal, and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d).

5. In accordance with 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, State Auto shall give written notice to Plaintiff and to the Circuit Court for Cole County, Missouri of its filing of this Notice of Removal.

## II. STATE AUTO HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.

6. Plaintiff served the Summons and Amended Petition on November 2, 2022. This Notice of Removal has been filed within 30 days thereof, and is therefore timely under 28 U.S.C. § 1446(b). The original petition was never served.

7. For the sole purpose of removal to federal court, venue is proper in this Court because it corresponds to the district and division where this litigation was filed, *i.e.*, cases filed in the Circuit Court for Cole County, Missouri, are removable to the Western District of Missouri, Central Division.[1] *See* 28 U.S.C. § 1441(a); *see also* Local Rule 3.1(a)(2) ("The District comprises the following divisions … Central Division … the count[y] of … Cole … ."); U.S. Marshals Service, https://www.usmarshals.gov/local-districts (last visited Nov. 28, 2022) (listing the 94

---

[1] State Auto asserts that the United States District Court for the Eastern District of Missouri is the proper venue for this cause of action under 28 U.S.C. § 1391(b)(2), and reserves the right to file a motion to transfer venue post-removal. *See* 28 U.S.C. § 1390(c) ("This chapter shall not determine the district court to which a civil action pending in a State court may be removed, but shall govern the transfer of an action so removed as between districts and divisions of the United States district courts.").

federal judicial districts and the divisions thereunder, and listing Cole County as included in the Central Division of the Western District of Missouri).

8. As required under 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon State Auto are attached hereto. *See* Ex. 1.

## III. THIS COURT HAS SUBJECT MATTER JURISDICTION OVER THIS ACTION UNDER CAFA.

9. Under CAFA, this Court has diversity jurisdiction over the putative class action because: (1) the putative class exceeds 100 members; (2) at least one member of the proposed class has a different citizenship from State Auto; (3) the amount in controversy exceeds $5 million in the aggregate for the entire class, exclusive of interest and costs; and (4) the exceptions to CAFA do not apply here. *See* 28 U.S.C. § 1332(d).

### A. The Putative Class Size Exceeds 100.

10. Under CAFA, the proposed class must consist of at least 100 persons. *See* 28 U.S.C. § 1332(d)(5). Plaintiff defines the putative class as:

> All Defendant's policyholders (or their lawful assignees) who within ten years of the filing of this Petition through the date of class certification, made: (1) a structural damage claim for property located in Missouri; and (2) for which Defendant accepted coverage and then chose to calculate actual cash value exclusively pursuant to the replacement cost less depreciation methodology and not any other methodology, such as fair market value; and (3) which resulted in an actual cash value payment during the class period from which non-material depreciation was withheld from the policyholder; or which should have resulted in an actual cash value payment but for the withholding of non-material depreciation causing the loss to drop below the applicable deductible, for the maximum limitations period as may be allowed by law.

Am. Pet. ¶ 30. Plaintiff further alleges that the putative class consists of "hundreds or thousands" of people, and that "joinder of all members is impracticable." *Id.* ¶ 33. Accordingly, this matter satisfies CAFA's requirement that the putative class size exceeds 100.

**B. There is Minimal Diversity Sufficient to Establish CAFA Jurisdiction.**

11. Under CAFA there must also be minimal diversity, which exists where at least one putative class member is a citizen of a different state than any defendant. *See* 28 U.S.C. § 1332(d)(2).

12. The Amended Petition alleges that State Auto "organized and existing under the laws of Iowa with its principal place of business in Columbus, Ohio." Am. Pet. ¶ 2. Indeed, State Auto is a company organized under the laws of the State of Iowa, and for federal court jurisdiction/diversity of citizenship disclosure purposes, the principal place of business is in Iowa. *See* 28 U.S.C. § 1332(c)(1).

13. Plaintiff is a citizen of Missouri. *See* Pet. ¶ 1.

14. Thus, CAFA's requirement of minimal diversity is satisfied here. *See* 28 U.S.C. § 1332(d)(2)(A).

**C. The $5 Million Amount in Controversy Requirement is Satisfied.**

15. Under CAFA, the aggregate amount in controversy must exceed $5 million for the entire putative class, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(2).

16. The amount in controversy is determined by the relief sought in the complaint. *See In re Minnesota Mut. Life Ins. Co.*, 346 F.3d 830, 835 (8th Cir. 2003) (looking to the relief alleged in the complaint to determine the amount in controversy); *see also Schubert v. Auto Owners Ins. Co.*, 649 F.3d 817, 823 (8th Cir. 2011) (noting that the jurisdictional amount in controversy is determined at the time of removal). "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). An evidentiary showing is only required if the defendant's plausible allegations are disputed. *Id.*

17. "'Removal … is proper on the basis of an amount in controversy asserted' by the defendant 'if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds' the jurisdictional threshold." *Id.* (citation omitted). "Under the preponderance standard, '[t]he jurisdictional fact ... is **not whether the damages are greater than the requisite amount, but whether a fact finder might legally conclude that they are**[.]'" *Bell v. Hershey Co.*, 557 F.3d 953, 959 (8th Cir. 2009) (citation omitted) (emphasis added).

18. Defendants may satisfy their burden of proof on removal through presentation of supplement evidence. *See e.g.*, *Hargis v. Access Capital Funding, LLC*, No. 4:09CV604CDP, 2009 WL 2757051, at *1-2 (E.D. Mo. Aug. 26, 2009), *aff'd*, 674 F.3d 783 (8th Cir. 2012) (denying the plaintiff's motion to remand where the defendant's affidavit "support[ed] an aggregated amount in controversy over $5 million"). Once a removing defendant demonstrates by a preponderance of the evidence that the jurisdictional minimum has been met, "remand is only appropriate if the plaintiff can establish to a legal certainty that the claim is for less than the requisite amount." *Id.* (quoting *Bell*, 557 F.3d at 959); *see also Raskas v. Johnson & Johnson*, 719 F.3d 884, 888 (8th Cir. 2013) (holding that, even if "it is highly improbably that the Plaintiffs will recover the amounts Defendants have put into controversy," that does not mean it is "legally impossible").

19. Based upon Plaintiff's allegations, which State Auto disputes but which control for removal purposes, the amount in controversy well exceeds $5 million. *See* Ex. 2, Declaration of Brian Haisley. Based on a review of available electronic records, the aggregate amount of non-material depreciation reflected on Missouri property structural damage estimates during the putative ten-year class period exceeds $7.6 million. *Id.* at 6-7. This entire amount is in controversy for purposes of CAFA jurisdiction.

20. Accordingly, the total amount of compensatory damages exceeds CAFA's $5 million jurisdictional threshold.

### D. The Exceptions to CAFA Do Not Apply.

21. CAFA provides two mandatory exceptions to the application of federal jurisdiction and one discretionary exception. *See* 28 U.S.C. § 1332(d)(3)-(4). These exceptions require the presence of a nondiverse in-state defendant. 28 U.S.C. § 1332(d)(3)-(4) (requiring either "significant relief" to be sought from an in-state defendant (the local controversy exception) or requiring the "primary defendant" to be an in-state one (the home state exception)). Here, State Auto is *not* an in-state defendant, and therefore, the exceptions to CAFA are not applicable.[2]

22. Accordingly, because State Auto has demonstrated that all prerequisites for CAFA jurisdiction have been met, and none of the exceptions apply, this matter is properly removable.

**WHEREFORE**, State Auto respectfully requests that this Court assume full jurisdiction over this action.

Respectfully submitted this 1st day of December, 2022.

---

[2] The exceptions to CAFA would also fail for other reasons, and State Auto reserves the right to raise all defenses in the event that Plaintiff attempts to satisfy his burden of asserting the CAFA exceptions.

/s/ *Curtis E. Woods*
Curtis E. Woods, MO Bar No. 67754
Betsey L. Lasister, MO Bar No. 67754
DENTONS US LLP
4520 Main Street
Suite 1100
Kansas City, MO 64111
Telephone: (816) 460-2400
curtis.woods@dentons.com
betsey.lasister@dentons.com


Mark L. Hanover (*pro hac vice application to be submitted*)
Kristine M. Schanbacher (*pro hac vice application to be submitted*)
DENTONS US LLP
233 South Wacker Drive
Suite 5900
Chicago, IL 60606
Telephone: (312) 876-8178
mark.hanover@dentons.com
kristine.schanbacher@dentons.com

*Attorneys for Defendant State Auto Property and Casualty Insurance Company*

# CERTIFICATE OF SERVICE

I, Betsey Lasister, hereby certify that on this 1st day of December, 2022, I caused a true and correct copy of the foregoing **NOTICE OF REMOVAL** to be electronically filed with the clerk of the court using the CM/ECF system and sent via e-mail to the following attorneys of record:

David T. Busch
Christopher E. Roberts
BUTSCH ROBERTS & ASSOCIATES LLC
231 South Bemiston Avenue
Suite 260
Clayton, Missouri 63105
*Butsch@ButschRoberts.com*
*Roberts@ButschRoberts.com*

Douglas J. Winters
THE WINTERS LAW GROUP
190 Carondelet Plaza
Suite 1100
Saint Louis, Misouri 63105
*dwinters@winterslg.com*

*/s/ Betsey L. Lasister*

*An Attorney for State Auto Property and Casualty Insurance Company*