**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION**

| | | |
|---|---|---|
| CAROLE LITMAN | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:22-cv-04178 |
| | ) | |
| STATE AUTO PROPERTY AND | ) | |
| CASUALTY INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**STATE AUTO PROPERTY AND CASUALTY INSURANCE COMPANY'S ANSWER AND ADDITIONAL DEFENSES TO PLAINTIFF'S FIRST AMENDED PETITION**

Defendant State Auto Property and Casualty Insurance Company ("State Auto"), by its attorneys, answers the First Amended Petition ("Amended Complaint") as follows:

1. Plaintiff is an individual residing in St. Louis County, Missouri.

**ANSWER**: State Auto lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 1 and therefore, denies these allegations.

2. Defendant is an insurance company organized and existing under the laws of Iowa with its principal place of business in Columbus, Ohio. Defendant is licensed to sell property insurance policies in the State of Missouri.

**ANSWER**: State Auto admits that it is organized under the laws of Iowa with a principal place of business in Des Moines, Iowa, that it is authorized to sell property insurance policies in the State of Missouri, and that it is engaged in the insurance business in the State of Missouri. State Auto denies the remaining allegations in Paragraph 2.

3. This Court has personal jurisdiction over Defendant because Defendant contracts to insure property and risks in Missouri, transacts business in Missouri, enters into contracts in Missouri, committed the acts at issue in this lawsuit in Missouri, and otherwise has sufficient minimum contacts with the State of Missouri.

**ANSWER**: State Auto admits that this Court has personal jurisdiction over the claims made in the Plaintiff's Amended Complaint. State Auto denies the remaining allegations in Paragraph 3.

4. Venue is proper in this forum pursuant to RSMo. § 375.1803 and RSMo. § 508.010.

**ANSWER**: State Auto denies that venue is proper. State Auto denies all remaining allegations in Paragraph 4.

5. Plaintiff brings this case on behalf of herself and all others similarly situated, pursuant to Missouri Supreme Court Rule 52.08.

**ANSWER**: State Auto admits that Plaintiff purports to bring this action on behalf of herself and a putative class, but denies that a class is properly certifiable in this case under the applicable Federal Rule of Civil Procedure 23. State Auto denies all remaining allegations in Paragraph 5.

### DEFENDANT SYSTEMATICALLY UNDERPAYS ITS POLICYHOLDERS

6. Defendant sells property insurance coverage for, *inter alia*, residential and commercial buildings in the State of Missouri.

**ANSWER**: State Auto admits that it is authorized to sell property insurance policies in the State of Missouri, and that it is engaged in the insurance business in the State of Missouri. State Auto denies the remaining allegations in Paragraph 6.

7. This lawsuit only concerns property coverage for buildings and structures, and not personal contents, such as furniture and clothes.

**ANSWER**: State Auto admits that Plaintiff's Amended Complaint makes allegations regarding only structural damage claims. State Auto denies all remaining allegations in Paragraph 7.

8. Further, this lawsuit only concerns claims in which Defendant accepted coverage and then Defendant chose to calculate actual cash value ("ACV") pursuant to the replacement cost less depreciation methodology, as opposed to a fair market value approach.

**ANSWER**: State Auto admits that Plaintiff's Amended Complaint makes allegations regarding only structural damage claims where State Auto accepted coverage and calculated an ACV payment. State Auto denies all remaining allegations in Paragraph 8.

9. Plaintiff contracted with Defendant for an insurance policy providing coverage for certain losses to her property located at 9013 Stonebridge Drive, St. Louis, Missouri ("the Property"). The policy number was HMO0029111 (the "Policy").

**ANSWER**: State Auto admits that it issued policy no. HMO0029111 to Plaintiff, the terms of which speak for themselves, and State Auto denies any characterization thereof. State Auto denies all remaining allegations in Paragraph 9.

10. Plaintiff paid Defendant premiums in exchange for insurance coverage. The required premiums were paid at all times relevant to this Petition.

**ANSWER**: State Auto admits that it issued policy no. HMO0029111 to Plaintiff, and premiums were paid to maintain coverage in force during the relevant period. State Auto lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in Paragraph 10, and therefore denies them.

11. On or about August 27, 2014, the Property suffered structural damage covered by the Policy. The damage to the Insured Property required replacement and/or repair.

**ANSWER**: State Auto admits that Plaintiff sustained damage to her home on or about August 27, 2014. State Auto further admits that it issued policy no. HMO0029111 to Plaintiff, and this policy was in force and coverage was provided. State Auto denies all remaining allegations in Paragraph 11.

12. Plaintiff timely submitted a claim to Defendant requesting payment for the covered loss.

**ANSWER**: State Auto admits that Plaintiff submitted a claim for damage to her home that occurred on or about August 27, 2014. State Auto denies all remaining allegations in Paragraph 12.

122883092

13.     Defendant determined the loss to the Insured Property was covered by the terms of the Policy.

**ANSWER**:     State Auto admits that it issued policy no. HMO0029111 to Plaintiff; this policy was in force at the time of the loss, and coverage was provided.  State Auto states that the terms of the policy speak for themselves, and State Auto denies any characterization thereof.  State Auto denies all remaining allegations in Paragraph 13.

14.     At all relevant times, Defendant's sole methodology for calculating the ACV of structural damage losses in Missouri, including Plaintiff's loss, was to estimate the cost to repair or replace the damage with new materials (replacement cost value, or "RCV"), and then to subtract depreciation. In adjusting Plaintiff's claim, Defendant affirmatively and unilaterally chose to use this "replacement cost less depreciation" methodology to calculate Plaintiff's loss and to make its ACV payment. Defendant did not use any other methodology to calculate Plaintiff's ACV payment.

**ANSWER**:     State Auto admits that it prepared an initial estimate for the cost to repair or replace Plaintiff's covered damage, and State Auto made an estimated depreciation adjustment in the calculation of an ACV payment to Plaintiff.  State Auto denies all remaining allegations in Paragraph 14.

15.     The Policy, and other property insurance forms issued by Defendant to similarly situated class members, does not permit the withholding of non-material depreciation, including future labor, as depreciation. "Labor" as used in this Petition, means intangible non-materials, specifically including both the future labor costs and the future laborers' equipment costs and contractors/laborers' overhead and profit necessary to restore property to its condition *status quo ante*, as well as the future removal costs to remove damaged property, under commercial claims estimating software. In contrast with the Policy, certain policies of insurance expressly allowed for the depreciation of labor as described herein. The type of form or endorsement will be referred to herein as a "labor permissive form." The Policy does not contain a labor permissive form.

**ANSWER**:     State Auto objects to the terms "future labor," "future laborers' equipment costs," and "future removal costs" as vague and ambiguous.  State Auto states that the terms of its insurance policies and "other property insurance forms" speak for themselves, and State Auto denies any characterizations thereof.  State Auto denies all remaining allegations in Paragraph 15.

16.     After Plaintiff's loss was reported, Defendant sent an adjuster to inspect the damage and estimate the ACV. Defendant uses commercially-available computer software to estimate

122883092

RCV, depreciation, and ACV. The software used to calculate the payment to Plaintiff is called Symbility®.

**ANSWER**:    State Auto admits that, in preparing estimates for the cost to repair or replace covered damage to Plaintiff's structure, and in estimating the depreciation for calculating an ACV payment to Plaintiff, State Auto used the software program Symbility.  State Auto denies all remaining allegations in Paragraph 16.

17.    As set forth in a written Symbility® estimate provided to Plaintiff by Defendant and dated September 12, 2014, Defendant's adjuster determined that Plaintiff had suffered a covered loss in the amount of $21,722.53 (the RCV) to her property. The estimate included the cost of materials and future labor required to complete the repairs.

**ANSWER**:    State Auto objects to the term "future labor" as vague and ambiguous.  State Auto states that the estimate written on or about September 12, 2014 constitutes a portion of the estimates utilized in adjusting and paying Plaintiff's structural damage claim.  State Auto further states that the language of the estimate speaks for itself, and State Auto denies any characterization thereof.  State Auto denies all remaining allegations in Paragraph 17.

18.    In calculating its ACV payment obligations to Plaintiff, Defendant subtracted from the RCV estimate the deductible plus an additional amount of $4,913.40 for depreciation. Plaintiff was underpaid on her ACV claim as more fully described below.

**ANSWER**:    State Auto states that Paragraph 18 contains legal conclusions for which a response is not required.  To the extent a response is required, State Auto denies that it underpaid Plaintiff's claim.  Additionally, State Auto states that the language of the estimate speaks for itself, and State Auto denies any characterization thereof.  State Auto denies all remaining allegations in Paragraph 18.

19.    ACV coverage is paid by Defendant prospectively, before repairs are made.

**ANSWER**:    State Auto admits that it made an ACV payment to Plaintiff before completion of repairs.  State Auto denies all remaining allegations in Paragraph 19.

20.    As it relates to ACV coverage, this lawsuit does *not* seek to address the propriety of depreciating any labor incorporated or embedded within a building or building product. Plaintiff

does not dispute that both labor and materials incurred to build a structure, or create a building product, become integrated with the home or building and may be depreciated following a casualty loss as part of the calculation of ACV benefits.

**ANSWER**:    State Auto admits that Plaintiff's Amended Complaint states it "does not seek to address the propriety of depreciating any labor incorporated or embedded within a building or building product," and that Plaintiff purports to not dispute that "both labor and materials incurred to build a structure, or create a building product, become integrated with the home or building and may be depreciated following a casualty loss as part of the calculation of ACV benefits."  State Auto denies all remaining allegations in Paragraph 20.

21.    However, when Defendant calculated Plaintiff's ACV benefits owed under the Policy, Defendant withheld costs for both the materials and future labor required to repair or replace the Plaintiff's building as depreciation, even though future labor does not "depreciate" before it has even been incurred. Defendant  withheld future labor costs throughout its ACV calculations as depreciation.

**ANSWER**:    State Auto objects to the term "future labor" as vague and ambiguous.  State Auto states that Paragraph 21 contains legal conclusions for which a response is not required.  To the extent a response is required, State Auto states that the language of Plaintiff's estimate(s) speaks for itself, and State Auto denies any characterization thereof.   State Auto denies all remaining allegations in Paragraph 21.

22.    Like all property insurance claims estimating software, the specific commercial claims estimating software used by Defendant allows for the depreciation of materials only or the depreciation of both material and future labor costs in its depreciation option setting preferences.

**ANSWER**:    State Auto objects to the term "future labor" as vague and ambiguous.  State Auto lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 22 and therefore, denies these allegations.

23.    Defendant's withholding of future labor costs as depreciation associated with the repair or replacement of Plaintiff's property resulted in Plaintiff receiving payment for her loss in an amount less than she was entitled to receive under the Policy. Defendant breached its obligations under the Policy by improperly withholding the cost of future labor as depreciation.

122883092

**ANSWER**: State Auto objects to the term "future labor" as vague and ambiguous. State Auto states that Paragraph 23 contains legal conclusions for which a response is not required. To the extent a response is required, State Auto denies the allegations in Paragraph 23.

24. Plaintiff cannot determine the precise amount of future labor that has been withheld based only upon the written estimate provided. To determine the precise amount of future labor withheld, it is necessary to have access to the commercial property estimating program at issue (Symbility®), as well as the electronic file associated with the estimate.

**ANSWER**: State Auto objects to the term "future labor" as vague and ambiguous. State Auto states that the language of Plaintiff's estimate(s) speaks for itself, and State Auto denies any characterization thereof. State Auto denies all remaining allegations in Paragraph 24.

25. While a property insurer may lawfully depreciate material costs when calculating the amount of an ACV payment owed to an insured, it may not lawfully withhold future repair labor as depreciation under the Policy.

**ANSWER**: State Auto objects that the term "future repair labor" is vague and ambiguous. State Auto states that Paragraph 25 contains legal conclusions for which a response is not required. To the extent a response is required, State Auto denies the allegations in Paragraph 25.

26. Defendant's failure to pay the full cost of the future labor necessary to return Plaintiff's structure to the *status quo ante* left Plaintiff under-indemnified and underpaid for their losses.

**ANSWER**: State Auto objects that the term "future labor" is vague and ambiguous. State Auto states that Paragraph 26 contains legal conclusions for which a response is not required. To the extent a response is required, State Auto denies the allegations in Paragraph 26.

27. Defendant materially breached its duty to indemnify Plaintiff by withholding future labor costs associated with repairing or replacing Plaintiff's property in its ACV payments as depreciation, thereby paying Plaintiff less than she was entitled to receive under the terms of the Policy.

**ANSWER**: State Auto objects to the term "future labor" as vague and ambiguous. State Auto states that Paragraph 27 contains legal conclusions for which a response is not required. To the extent a response is required, State Auto denies the allegations in Paragraph 27.

28. Plaintiff disputes whether portions of the agreed-to and undisputed amounts of future labor, as determined by Defendant itself, may be withheld by Defendant as "depreciation" from Defendant's ACV payment under the terms and conditions of the Policy, including but not limited to depriving Plaintiff of the time use of money resulting from the time periods of labor withholdings in the form of prejudgment interest.

**ANSWER**: State Auto states that the terms of policy no. HMO0029111 speak for themselves, and State Auto denies any characterizations thereof. State Auto denies all remaining allegations in Paragraph 28.

## CLASS ALLEGATIONS

29. Pursuant to Missouri Supreme Court Rule 52.08(a), (b)(2) and (b)(3), Plaintiff brings this Count individually, and on behalf of all others similarly situated.

**ANSWER**: State Auto admits that Plaintiff purports to bring this action on behalf of a class, but denies that a class is properly certifiable under the applicable Federal Rule of Civil Procedure 23. State Auto denies all remaining allegations in Paragraph 29.

30. Plaintiff seeks to define the following class, which is tentatively defined as:

All Defendant's policyholders (or their lawful assignees) who within ten years of the filing of this Petition through the date of class certification, made: (1) a structural damage claim for property located in Missouri; and (2) for which Defendant accepted coverage and then chose to calculate actual cash value exclusively pursuant to the replacement cost less depreciation methodology and not any other methodology, such as fair market value; and (3) which resulted in an actual cash value payment during the class period from which non-material depreciation was withheld from the policyholder; or which should have resulted in an actual cash value payment but for the withholding of non-material depreciation causing the loss to drop below the applicable deductible, for the maximum limitations period as may be allowed by law.

In this definition, "non-material depreciation" means application of either the "depreciate removal," "depreciate non-material" and/or "depreciate O&P" option settings within the Symbility® software used or similar depreciation option settings in competing commercial software programs.

It also means labor that was manually depreciated from a replacement cost estimate, including but not limited to "straight-line" depreciation.

The class excludes any claims for which the applicable limits of insurance was exhausted by the initial actual cash value payment.

The class also excludes any claims, or portions of claims, arising under labor depreciation permissive policy forms, *i.e.*, those forms and endorsements expressly permitting the "depreciation" of "labor" within the text of the policy form, unless the use of those forms violate the law of Missouri.

**ANSWER**:     State Auto admits that Plaintiff purports to bring this action on behalf of a class, but denies that a class is properly certifiable in this case under Federal Rule of Civil Procedure 23.  State Auto denies all remaining allegations in Paragraph 30.

31.     Plaintiff reserves the right to amend the definition of the proposed class through discovery. The following persons are expressly excluded from the class: (1) Defendant and its subsidiaries and affiliates; (2) all persons who make a timely election to be excluded from the proposed Class; and (3) the Court to which this case is assigned and its staff.

**ANSWER**:     State Auto admits that Plaintiff purports to bring this action on behalf of a class, but denies that a class is properly certifiable in this case under Federal Rule of Civil Procedure 23.  State Auto denies all remaining allegations in Paragraph 31.

32.     Plaintiff and members of the putative class as defined all suffered injury as all such persons and entities, at least initially, received lower claim payments than permitted under the policy. Certain amounts initially withheld as labor may be later repaid to some policyholders with replacement cost provisions in their policies, if any. However, policyholders who have been subsequently repaid for initially withheld labor still have incurred damages, at the least, in the form of the lost "time value" of money during the period of withholding, *i.e.*, statutory or common law prejudgment interest on the amounts improperly withheld, for the time period of withholding.

**ANSWER**:     State Auto states that Paragraph 32 contains legal conclusions for which a response is not required.  To the extent a response is required, State Auto denies the allegations in Paragraph 32.

33.     The members of the proposed class are so numerous that joinder of all members is impracticable. Plaintiff reasonably believes that hundreds or thousands of people geographically dispersed across Missouri have been damaged by Defendant's actions. The names and addresses of the members of the proposed class are readily identifiable through records maintained by Defendant or from information readily available to Defendant.

**ANSWER**: While State Auto does not contest the "numerosity" prong of Federal Rule of Civil Procedure 23(a) would be satisfied, State Auto denies that a class is properly certifiable. State Auto denies all remaining allegations in Paragraph 33.

34. The relatively small amounts of damage suffered by most members of the proposed class make filing separate lawsuits by individual members economically impracticable.

**ANSWER**: State Auto denies that a class is properly certifiable in this case under Federal Rule of Civil Procedure 23. State Auto denies all remaining allegations in Paragraph 34.

35. Defendant has acted on grounds generally applicable to the proposed class in that Defendant has routinely withheld labor costs as described herein in its adjustment of property damage claims under its policies of insurance. It is reasonable to expect that Defendant will continue to withhold labor to reduce the amount it pays to its insureds under its policies absent this lawsuit.

**ANSWER**: State Auto denies that a class is properly certifiable in this case under Federal Rule of Civil Procedure 23. State Auto denies all remaining allegations in Paragraph 35.

36. Common questions of law and fact exist as to all members of the proposed class and predominate over any questions affecting only individual members. The questions of law and fact common to the proposed class include, but are not limited to:

a. Whether Defendant's policy forms allow the withholding of labor costs in the calculation of ACV payments under the replacement cost less depreciation methodology;

b. Whether Defendant's policy language is ambiguous;

c. Whether Defendant's withholding of labor costs in the calculation of ACV payments breaches the Defendant's insurance policy forms; Whether Defendant has a custom and practice of withholding labor costs in the calculation of ACV payments;

d. Whether Plaintiff and members of the proposed class have been damaged as a result of Defendant's withholding of labor costs in the calculation of ACV payments owed; and

e. Whether Plaintiff and members of the proposed class are entitled to declaratory relief.

**ANSWER**: State Auto denies that commonality or predominance are satisfied for class certification purposes. State Auto denies all remaining allegations in Paragraph 36.

10

37. Plaintiff's claims are typical of the claims of the proposed class members, as they are all similarly affected by Defendant's customs and practices concerning the withholding of labor. Further, Plaintiff's claims are typical of the claims of the proposed class members because Plaintiff's claims arose from the same practices and course of conduct that give rise to the claims of the members of the proposed class and are based on the same factual and legal theories. Plaintiff is not different in any material respect from any other member of the proposed class.

**ANSWER**: State Auto denies that typicality is satisfied for class certification purposes.

State Auto denies all remaining allegations in Paragraph 37.

38. Plaintiff and her counsel will fairly and adequately protect the interests of the members of the proposed class. Plaintiff's interests do not conflict with the interests of the proposed class it seeks to represent. Plaintiff has retained lawyers who are competent and experienced in class action and insurance litigation. Plaintiff and Plaintiff's counsel have the necessary financial resources to adequately and vigorously litigate this class action, and Plaintiff and counsel are aware of their fiduciary responsibilities to the members of the proposed class and will diligently discharge those duties by vigorously seeking the maximum possible recovery for the proposed class while recognizing the risks associated with litigation. Plaintiff reserves the right to have unnamed class members join Plaintiff in seeking to be a class representative.

**ANSWER**: State Auto denies that adequacy is satisfied for class certification purposes.

State Auto denies all remaining allegations in Paragraph 38.

39. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy. Joining all proposed members of the proposed class in one action is impracticable and prosecuting individual actions is not feasible. The size of the individual claims is likely not large enough to justify filing a separate action for each claim. For many, if not most, members of the proposed class, a class action is the only procedural mechanism that will afford them an opportunity for legal redress and justice. Even if members of the proposed class had the resources to pursue individual litigation, that method would be unduly burdensome to the courts in which such cases would proceed. Individual litigation exacerbates the delay and increases the expense for all parties, as well as the court system. Individual litigation could result in inconsistent adjudications of common issues of law and fact.

**ANSWER**: State Auto denies that superiority is satisfied for class certification purposes. State Auto denies all remaining allegations in Paragraph 39.

40. In contrast, a class action will minimize case management difficulties and provide multiple benefits to the litigating parties, including efficiency, economy of scale, unitary adjudication with consistent results and equal protection of the rights of Plaintiff and members of the proposed class. These benefits would result from the comprehensive and efficient supervision of the litigation by a single court.

**ANSWER**:    State Auto denies that manageability or superiority are satisfied for class certification purposes.  State Auto denies all remaining allegations in Paragraph 40.

41.    Questions of law or fact common to Plaintiff and members of the proposed class, including those identified above, predominate over questions affecting only individual members (if any), and a class action is superior to other available methods for the fair and efficient adjudication of the controversy. Class action treatment will allow a large number of similarly situated consumers to prosecute their common claims in a single forum, simultaneously, efficiently, and without the necessary duplication of effort and expense that numerous individuals would require. Further, the monetary amount due to many individual members of the proposed class is likely to be relatively small, and the burden and expense of individual litigation would make it difficult or impossible for individual members of the proposed class to seek and obtain relief. On the other hand, a class action will serve important public interests by permitting consumers harmed by Defendant's unlawful practices to effectively pursue recovery of the sums owed to them, and by deterring further unlawful conduct. The public interest in protecting the rights of consumers favors disposition of the controversy in the class action form.

**ANSWER**:    State Auto denies that a class is properly certifiable in this case under Federal Rule of Civil Procedure 23, and denies all remaining allegations in Paragraph 41.

42.    Class certification is further warranted because Defendant has acted or refused to act on grounds that apply generally to the class, so final injunctive relief or corresponding declaratory relief is appropriate with respect to the class as a whole.

**ANSWER**:    State Auto denies that a class is properly certifiable in this case under Federal Rule of Civil Procedure 23, and denies all remaining allegations in Paragraph 42.

43.    Plaintiff may seek, in the alternative, certification of issues classes pursuant to Missouri Supreme Court Rule 52.08(c)(4).

**ANSWER**:    State Auto denies that a class is properly certifiable in this case under the applicable Federal Rule of Civil Procedure 23, and denies all remaining allegations in Paragraph 43.

44.    An action may be brought or maintained as a class action with respect to particular issues when doing so would materially advance the litigation as a whole.

**ANSWER**:    State Auto denies that a class is properly certifiable in this case under Federal Rule of Civil Procedure 23, and denies all remaining allegations in Paragraph 44.

122883092

## COUNT I – BREACH OF CONTRACT

45.     Plaintiff restates and incorporates by reference the previous paragraphs as if fully stated in this Count.

**ANSWER**:    State Auto incorporates by reference its responses to all preceding paragraphs as though fully set forth herein.

46.     Defendant entered into policies of insurance with Plaintiff and members of the proposed class. These insurance policies govern the relationship between Defendant and Plaintiff, and members of the proposed class, as well as the manner in which claims for covered losses are handled.

**ANSWER**:    State Auto admits that it issued policy no. HMO0029111 to Plaintiff, and this policy was in force and coverage was provided.  State Auto denies that a class is properly certifiable in this case under Federal Rule of Civil Procedure 23, and denies all remaining allegations in Paragraph 46.

47.     These policies of insurance are binding contracts under Missouri law and are supported by valid consideration in the form of premium payments in exchange for insurance coverage.

**ANSWER**:    State Auto admits that its Missouri policies are binding and enforceable contracts under Missouri law.  State Auto further admits that it issued policy no. HMO0029111 to Plaintiff, and this policy was in force and coverage was provided.  State Auto states that it is without sufficient information to form a belief as to the truth of any allegations regarding the "premium payments."  State Auto denies all remaining allegations in Paragraph 47.

48.     Defendant drafted the insurance policies at issue, which are essentially identical in all respects material to this litigation concerning the withholding of labor as depreciation from ACV payments for structural loss when Defendant calculates ACV under a replacement cost less depreciation methodology.

**ANSWER**:    State Auto states that the terms of its policies speak for themselves and State Auto denies any characterization thereof.  State Auto denies all remaining allegations in Paragraph 48.

122883092

49.     In order to receive or be eligible to receive ACV claim payments in the first instance, Plaintiff and the putative class members complied with all material provisions and performed all of their respective duties with regard to their insurance policies.

**ANSWER**:     State Auto admits that it issued indemnification payment(s) for Plaintiff's covered structural loss.  State Auto further states that it is without sufficient information to form a belief as to the truth of any allegations regarding the actions of putative class members.  State Auto denies all remaining allegations in Paragraph 49.

50.     Defendant breached its respective contractual duties to pay Plaintiff and members of the proposed class the ACV of their claims by unlawfully withholding labor costs as described herein.

**ANSWER**:     State Auto states that Paragraph 50 contains legal conclusions for which a response is not required.  To the extent a response is required, State Auto denies the allegations in Paragraph 50.

51.     Additionally, Defendant's actions in breaching its contractual obligations to Plaintiff and members of the proposed class benefitted and continues to benefit Defendant.  Likewise, Defendant's actions damaged and continue to damage Plaintiff and members of the proposed class.

**ANSWER**:     State Auto states that Paragraph 51 contains legal conclusions for which a response is not required.  To the extent a response is required, State Auto denies the allegations in Paragraph 51.

52.     Defendant's actions in breaching its contractual obligations, as described herein, are the direct and proximate cause of damages to Plaintiff and members of the proposed class.

**ANSWER**:     State Auto states that Paragraph 52 contains legal conclusions for which a response is not required.  To the extent a response is required, State Auto denies the allegations in Paragraph 52.

53.     In light of the foregoing, Plaintiff and members of the proposed class are entitled to recover damages sufficient to make them whole for all amounts unlawfully withheld from their ACV payments, including prejudgment interest as may be allowed by law.

**ANSWER**: State Auto states that Paragraph 53 contains legal conclusions for which a response is not required. To the extent a response is required, State Auto denies the allegations in Paragraph 53.

54. By withholding repair labor costs as depreciation, Defendant breached its obligations to Plaintiff and the putative class members under their respective policies.

**ANSWER**: State Auto states that Paragraph 54 contains legal conclusions for which a response is not required. To the extent a response is required, State Auto denies the allegations in Paragraph 54.

55. As a direct and proximate result of Defendant's breach of the insurance contract, Plaintiff and the putative class members suffered damage. More specifically, Plaintiff and the putative class members received payment for their losses in an amount less than to which they were entitled to under the policy.

**ANSWER**: State Auto states that Paragraph 55 contains legal conclusions for which a response is not required. To the extent a response is required, State Auto denies the allegations in Paragraph 55.

56. Defendant's practice of withholding repair labor costs as depreciation in its calculation of ACV payments on property damage claims is a breach of Defendant's contractual obligations.

**ANSWER**: State Auto states that Paragraph 56 contains legal conclusions for which a response is not required. To the extent a response is required, State Auto denies the allegations in Paragraph 56.

57. Defendant materially breached its duty to indemnify Plaintiff and the putative class members by withholding labor costs from ACV payment as depreciation, thereby paying less than Plaintiff and the putative class members were entitled to receive under the terms of the Policy, including but not limited to depriving Plaintiff and the putative class members of the time use of money resulting from the time periods of labor withholdings in the form of prejudgment interest.

**ANSWER**: State Auto states that Paragraph 57 contains legal conclusions for which a response is not required. To the extent a response is required, State Auto denies the allegations in Paragraph 57.

122883092

## COUNT II - DECLARATORY JUDGMENT AND RELIEF

58.     Plaintiff restates and incorporates by reference the previous paragraphs as if fully stated in this Count.

**ANSWER**:     State Auto incorporates by reference its responses to all preceding paragraphs as though fully set forth herein.

59.     This Court is empowered by Missouri Supreme Court Rule 87 to declare the rights and legal relations of parties regardless of whether further relief is or could be claimed.

**ANSWER**:     State Auto states that Federal Rule of Civil Procedure 57 is the applicable federal rule, and this rule speaks for itself, and State Auto denies any allegations, legal conclusions, or characterizations inconsistent therewith.    State Auto denies all remaining allegations in Paragraph 59.

60.     Justiciable controversies exist between Plaintiff and the putative class members and Defendant as to whether Defendant may withhold labor costs as depreciation form its insureds ACV payments.

**ANSWER**:     State Auto admits that Plaintiff purports to bring this action on behalf of a class, but denies that a class is properly certifiable in this case under Federal Rule of Civil Procedure 23, and State Auto denies all remaining allegations in Paragraph 60.

61.     Plaintiff and the putative class members have a legally protectable interest in that they are insured under Defendant's policies and Defendant refused and continues to refuse to pay the full indemnity they are entitled to receive under the policy.

**ANSWER**:     State Auto admits that Plaintiff purports to bring this action on behalf of a class, but denies that a class is properly certifiable in this case under Federal Rule of Civil Procedure 23.  State Auto states that Paragraph 61 contains legal conclusions for which a response is not required.   To the extent a response is required, State Auto denies the allegations in Paragraph 61.

62.     Plaintiff and the putative class members have no adequate remedy at law.

122883092

**ANSWER**:     State Auto admits that Plaintiff purports to bring this action on behalf of a class, but denies that a class is properly certifiable in this case under Federal Rule of Civil Procedure 23.  State Auto states that Paragraph 62 contains legal conclusions for which a response is not required.   To the extent a response is required, State Auto denies the allegations in Paragraph 62.

63.     This matter is ripe for adjudication between Plaintiff and the putative class members and Defendant.

**ANSWER**:     State Auto admits that Plaintiff purports to bring this action on behalf of a class, but denies that a class is properly certifiable in this case under Federal Rule of Civil Procedure 23, and State Auto denies all remaining allegations in Paragraph 63.

64.     A party may seek to have insurance contracts, before or after a breach, construed to obtain a declaration of rights, status, and other legal relations thereunder adjudicated.

**ANSWER**:     State Auto states that Paragraph 64 contains legal conclusions for which a response is not required.  To the extent a response is required, State Auto denies that declaratory relief is appropriate here, and denies all remaining allegations in Paragraph 64.

65.     Plaintiff and members of the proposed class have all complied with all relevant conditions precedent in their contracts.

**ANSWER**:     State Auto admits that it issued indemnification payment(s) for Plaintiff's covered structural loss.  State Auto states that it is without sufficient information to form a belief as to the truth of any allegations regarding the actions of putative class members.  State Auto denies that a class is properly certifiable in this case under Federal Rule of Civil Procedure 23, and denies all remaining allegations in Paragraph 65.

66.     Plaintiff seeks, individually and on behalf of the proposed class, a declaration that Defendant's property insurance contracts prohibit the withholding of future labor costs as described herein when adjusting losses under the methodology employed herein.

**ANSWER**:     State Auto objects to the term "future labor" as vague and ambiguous.  State Auto admits that Plaintiff purports to bring this action on behalf of a class, but denies that a class

122883092

is properly certifiable in this case under Federal Rule of Civil Procedure 23, and State Auto denies all remaining allegations in Paragraph 66.

67. Plaintiff further seeks, individually and on behalf of the proposed class, any and all other relief available under the law arising out of a favorable declaration.

**ANSWER**: State Auto admits that Plaintiff purports to bring this action on behalf of a class, but denies that a class is properly certifiable in this case under Federal Rule of Civil Procedure 23, and State Auto denies all remaining allegations in Paragraph 67.

68. Plaintiff and members of the proposed class have and will continue to suffer injuries.

**ANSWER**: State Auto admits that Plaintiff purports to bring this action on behalf of a class, but denies that a class is properly certifiable in this case under Federal Rule of Civil Procedure 23. State Auto states that Paragraph 68 contains legal conclusions for which a response is not required. To the extent a response is required, State Auto denies the allegations in Paragraph 68.

122883092

## ADDITIONAL DEFENSES

Nothing herein may be construed to suggest State Auto bears the burden of proof on any of the issues set forth below. State Auto reserves any and all rights it may have to raise additional defenses that may develop during the course of this matter.

### FIRST ADDITIONAL DEFENSE

Plaintiff's individual claim is timed-barred under the applicable five year statute of limitation set forth in Mo. Rev. Stat. § 516.120(1), as Plaintiff's claim is more than five years old. Moreover, Plaintiff's claim does not qualify for the narrow exception to the applicable five year limitation period, as provided in Mo. Rev. Stat. § 516.110(1), because Plaintiff's policy does not constitute a "writing … for the payment of money[,]" as Plaintiff's policy does not contain either "an acknowledgement of a debt" or "an admission said debt is due and unpaid" from State Auto as required by the recent Missouri Supreme Court case captioned, *DiGregorio Food Prod., Inc. v. Racanelli*, 609 S.W.3d 478 (Mo. 2020).

### SECOND ADDITIONAL DEFENSE

Plaintiff's Amended Complaint fails to state a claim for which relief may be granted pursuant to the Eighth Circuit's holding in the case captioned, *In re State Farm Fire & Cas. Co.*, 872 F.3d 567 (8th Cir. 2017).

### THIRD ADDITIONAL DEFENSE

The relief sought is barred in whole or in part by the doctrines of release, payment, accord and satisfaction, and settlement.

### FOURTH ADDITIONAL DEFENSE

The relief sought is barred in whole or in part because State Auto's conduct was at all times lawful, justified, and authorized, under the applicable policy of insurance.

122883092

## FIFTH ADDITIONAL DEFENSE

The relief sought is barred in whole or in part for failure to mitigate damages.

## SIXTH ADDITIONAL DEFENSE

The relief sought is barred in whole or in part by the doctrines of laches, waiver, estoppel, ratification, and/or unclean hands.

## SEVENTH ADDITIONAL DEFENSE

Some or all of claims may be barred by offset, set off or recouped by the amounts owed to State Auto.

## EIGHTH ADDITIONAL DEFENSE

The relief sought is barred in whole or in part by failure to initiate and/or exhaust contractual remedies.

## NINTH ADDITIONAL DEFENSE

Claims are barred to the extent the policyholder has breached or failed to perform agreements with State Auto.

## TENTH ADDITIONAL DEFENSE

This is not a valid class action, because there is no predominating common issue, Plaintiff's claims are not typical, Plaintiff and her counsel are not adequate, class proceedings are not an appropriate method of adjudication, and putative class members are not readily ascertainable.

## ELEVENTH ADDITIONAL DEFENSE

Plaintiff's Amended Complaint fails to state a viable claim for declaratory judgment, because it is duplicative of Plaintiff's breach of contract claim, and thus, serves no useful purpose. *See Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995) ("If a district court, in the sound exercise of its judgment, determines after a complaint is filed that a declaratory judgment will serve no useful purpose, it cannot be incumbent upon that court to proceed to the merits before staying or

122883092

dismissing the action"); *see also Jackson v. Mizuho Orthopedic Sys., Inc.*, No. 11-00799-cv-W-GAF, 2013 WL 12291776, at *26 (W.D. Mo. Jan. 9, 2013) ("Plaintiff is not entitled to seek declaratory judgment relief for her first two claims … because they are duplicative of her breach of contract claims").

Dated:  January 5, 2023

Respectfully submitted,

**STATE AUTO PROPERTY AND CASUALTY INSURANCE COMPANY**

By:  */s/ Mark L. Hanover*
      One of Its Attorneys

Curtis E. Woods, MO Bar No. 27065
Betsey L. Lasister, MO Bar No. 67754
DENTONS US LLP
4520 Main Street
Suite 1100
Kansas City, MO 64111
Telephone: (816) 460-2400
curtis.woods@dentons.com
betsey.lasister@dentons.com


Mark L. Hanover admitted *pro hac vice*
Kristine M. Schanbacher admitted *pro hac vice*
DENTONS US LLP
233 South Wacker Drive
Suite 5900
Chicago, IL 60606
Telephone: (312) 876-8178
mark.hanover@dentons.com
kristine.schanbacher@dentons.com

***Attorneys for Defendant State Auto Property and Casualty Insurance Company***

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of January 2023, a true and correct copy of the foregoing **STATE AUTO PROPERTY AND CASUALTY INSURANCE COMPANY'S ANSWER AND ADDITIONAL DEFENSES TO PLAINTIFF'S FIRST AMENDED PETITION** was filed with the Court using the CM/ECF system, which will send notification of such filing to all counsel of record, including:

Christopher E. Roberts
BUTSCH ROBERTS & ASSOCIATES LLC
231 South Bemiston Avenue
Suite 260
Clayton, Missouri 63105
Butsch@ButschRoberts.com
Roberts@ButschRoberts.com

Erik D. Peterson
Erik Peterson Law Offices
249 E Main Street
Suite 150
Lexington, KY 40507
800-614-1957
Email: erik@eplo.law

James B McWherter
McWherter Scott Bobbitt PLC
341 Cool Springs Blvd.
Suite 230
Franklin, TN 37067
615-354-1144
Fax: 731-664-1540
Email: brandon@msb.law

*/s/ Curtis E. Woods*

122883092